**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

---

**CHRISTOPHER ANDRESEN,**

      **Plaintiff,**

**v.**

                                 **Civil Action No. _____**

**AMERICAN ECONOMY INSURANCE
COMPANY (A SAFECO COMPANY),**

      **Defendant.**                            **JURY DEMANDED**

---

**COMPLAINT**

---

COMES NOW the Plaintiff, Christopher Andresen, by and through counsel, and for his Complaint against American Economy Insurance Company (A Safeco Company), would respectfully state and show as follows:

**<u>PARTIES AND JURISDICTION</u>**

1.     Christopher Andresen ("Plaintiff") is a citizen and resident of Selmer, Tennessee. At all times relevant hereto, Plaintiff was the owner and resident of the realty, dwelling, and other structures located at and around 1431 New Bethel Road, Selmer, McNairy County, Tennessee 38375 (the "Insured Premises").

2.     American Economy Insurance Company (A Safeco Company) ("Defendant") is a foreign insurance company engaged in the insurance business in the State of Tennessee, including McNairy County, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts 02116. Defendant is duly incorporated under the laws of the state of Indiana.

3.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332 in that there exists diversity of citizenship between the parties, who are citizens of different states, and Plaintiff claims are for damages in this action in excess of $75,000.00, exclusive of interest, fees, and costs. Venue in this Court is appropriate as the claims arose in this judicial district.

4.      This Complaint originates as the result of a severe storm event involving extremely high tornadic winds that damaged the Plaintiff's dwelling and other structures located on the Insured Premises, and Defendant's unlawful actions in refusing to properly pay the amounts owed to Plaintiff.

## FACTS

5.      At all times relevant hereto, Defendant insured the Insured Premises located thereon against property damage, pursuant to an insurance contract purchased by Plaintiff bearing Policy No. OF3162156 (the "Policy").

6.      Plaintiff requested a certified copy of the Policy.  As of the date of this filing, Plaintiff has not received it from Defendant. The record will be supplemented once a certified copy of the policy is received.

7.      At all times relevant hereto, the Insured Premises consisted of a residential dwelling, other structures, and surrounding area in which Plaintiff resided.

8.      The Policy provided insurance coverage for accidental direct physical loss to the dwelling and other structures located on the Insured Premises and such other insurance coverage as specifically set forth in the Policy.

9.      As relevant hereto, the term of the Policy was August 7, 2024 through August 7, 2025.

10.     The Policy is an "all risk" insurance policy, which means that coverage is provided for all accidental direct physical loss of, and damage to, the Insured Premises, unless the loss is specifically excluded or limited by the Policy.  As it relates to the issues in this Complaint, there are no applicable exclusions or limitations.

11.     The Policy's Dwelling limit of insurance is 233,000.00 and Other Structure limit of insurance is $23,300.00.

12.     Pursuant to the Policy, Plaintiff paid an annual premium to Defendant in exchange for insurance coverage.  Plaintiff paid the required premiums at all times relevant to this Complaint.

13.     On April 2, 2025, the Insured Premises was substantially damaged by a severe storm event involving extremely high, tornadic winds that resulted in a substantial accidental direct physical loss to the Insured Premises (the "Loss").

14.     The Policy was in effect at the time of the Loss.

15.     Plaintiff promptly reported the Loss to Defendant, which assigned a claim number 059100860-01.

16.     Plaintiff fulfilled all of the duties after the Loss that were imposed upon him by the Policy to the satisfaction of Defendant.

17.     The Loss is a compensable claim under the Policy.

18.     The Loss caused severe damage to the roofing system, exterior, interior, and structural/foundation components of the Insured Premises.

19.     Defendant accepted the claim as compensable and issued an estimate for the Loss, totaling $3,416.34, less depreciation and $1,000 deductible.

3

20.     Defendant's estimation of the Loss and its payment were grossly insufficient to repair the damage caused by the Loss.

21.     A dispute arose between Plaintiff and Defendant as to the amount of the loss associated with the storm damage.

22.     Defendant admitted and represented to Plaintiff that the Loss was a compensable claim and made a partial payment on the claim, but the payment represented only a fraction of the amount owed to Plaintiff.

23.     Defendant failed to sufficiently investigate the Loss and determine the actual and real scope of damages from the Loss.

24.     Defendant wrongfully refused to fully and promptly pay the amounts owed to Plaintiff as a result of the Loss.  The payment made by Defendant to Plaintiff was insufficient to indemnify Plaintiff for the Loss and restore the Insured Premises pursuant to the Policy.

25.     Plaintiff has not been properly compensated for the damage to the Insured Premises.

26.     Defendant's failure and refusal to pay Plaintiff the amounts owed to him for the Loss is without justification, and is intentional, fraudulent, malicious, and/or reckless.

27.     Defendant's failure and refusal to pay the money and benefits due and owing Plaintiff under the Policy has caused Plaintiff to initiate this Complaint to recover the insurance proceeds to which he is entitled.

**CAUSES OF ACTION**

**Count 1 – Breach of Contract**

28.     The allegations contained in the paragraphs above in this Complaint are incorporated herein by reference as if set forth verbatim.

4

29.     The Policy issued by Defendant is a binding contract and is supported by valid consideration.

30.     Defendant is in total material breach of the Policy, and Defendant is liable to Plaintiff in the maximum amount allowed by the Policy for the Loss.  Specifically, Defendant breached its contract with Plaintiff by its failure and refusal to fully and promptly pay the amounts owed to Plaintiff as a result of the Loss as required by the terms of the Policy and Tennessee law.

31.     As a result of Defendant's breach of contract, Plaintiff has sustained substantial compensable losses for the amounts claimed under the Policy.

32.     Defendant is liable to Plaintiff for his losses.

33.     Defendant's breach of contract was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages. *See, e.g., Riad v. Erie Ins. Exchange*, 436 S.W.3d 256 (Tenn. Ct. App. 2013).  Specifically, Defendant intentionally, fraudulently, maliciously, and/or recklessly: (1) failed to effectuate a prompt and fair settlement of Plaintiff's claim when liability was clear; (2) refused and failed to conduct a reasonable investigation concerning the issues surrounding this dispute; (3) refused and failed to obtain all reasonably available information before rendering improper claims decisions; (4) unjustly refused to pay Plaintiff's full claim for its own financial preservation with no reasonable or justifiable basis; (5) refused and failed to acknowledge Defendant's promises of coverage to Plaintiff; (6) failed to treat Plaintiff's interests with equal regard to its own; (7) asserted unreasonable coverage positions despite documented proof contrary to its position; (8) misrepresented relevant facts and policy provisions to Plaintiff; (9) intentionally failed to adopt and implement reasonable standards for the prompt investigation and settlement of claims; (10) forced Plaintiff to file this Complaint in order to enforce his rights under the Policy; (11) offered Plaintiff substantially less than the amounts due

5

to him; (12) ignored valid portions of Plaintiff's claim for no good reason and with no explanation; (13) failed to fully and promptly pay all amounts due and owing under the Policy with no reasonable or justifiable basis; (14) used biased experts to obtain a desired result; (15) engaged in conduct designed to decrease and minimize the amount to be paid to Plaintiff; and (16) such other facts and circumstances as alleged in this lawsuit and/or to be determined during discovery and which will be shown at trial.

34.    Defendant knew, or reasonably should have known, that Plaintiff was justifiably relying on the money and benefits due him under the terms of the Policy. Nevertheless, acting with conscious disregard for Plaintiff's rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Plaintiff, Defendant consciously ignored Plaintiff's valid claim and withheld monies and benefits rightfully due Plaintiff. Plaintiff seeks, and is entitled to, punitive damages.

WHEREFORE, as a result of the foregoing, Plaintiff would respectfully request that this Honorable Court award a judgment to Plaintiff as follows:

A.    That the Court adjudicate and declare the parties' rights and obligations under the Policy;

B.    For compensatory and punitive damages to Plaintiff against Defendant in an amount to be determined by a jury;

C.    For all costs incurred by Plaintiff as a result of this action;

D.    For pre- and post-judgment interest; and

E.    For such other further and general relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a jury of his peers.

6

Respectfully submitted,

McWHERTER SCOTT BOBBITT PLC

s/Erin England
ERIN ENGLAND #034222
erin@msb.law
54 Exeter Road, Suite D
Jackson, Tennessee 38305
Telephone: (731) 664-1340
Facsimile: (731) 664-1540

*Attorney for Plaintiff*